## KOEWING v. PICTORIAL REVIEW CO.

District Court, S. D. New York. September 26, 1927.

Patents ⬡328—1,419,634 for pattern for garments held not infringed.

Koewing patent, No. 1,419,634, for pattern for garments, is limited to the precise combination shown, and so construed *held* not infringed.

In Equity. Suit by Frank Koewing against the Pictorial Review Company. Decree for defendant.

A. Parker-Smith, of New York City, for plaintiff.

Mayer, Warfield & Watson, of New York City, for defendant.

HUTCHESON, District Judge. This is a suit brought by Frank Koewing, as owner of patent 1,419,634, against the Pictorial Review Company. Claim 4, the only one in suit, reads as follows:

"4. A pattern for garments comprising a sheet of material having the various outline parts of the garment marked and numbered thereon, each numbered part also having marginal joining marks adapted to register with identical marks on another part when the parts are properly assembled to form a garment, each pair of marks designed to so register being marked with identical distinguishing characters, and the mark on each member of each pair being numbered to correspond to the number of the part bearing the mark with which it is to register."

In making up a garment from pieces of cloth cut according to the outline of any pattern, it is and always has been essential to accurately join them together, back and front parts, sleeves, and collar, etc., and it was admittedly old when plaintiff's application was filed, for each separate pattern part to be provided with marginal marks which, if brought together, resulted in the separate sections represented by these pattern parts properly registering each with the other to form the completed garment when the attached or corresponding pieces of cloth were sewed together.

In practice, paper patterns are pinned to the cloth, which is then cut into separate pieces, each according to the outline of the pattern part attached to it, and these pieces of cloth, with the paper patterns usually still pinned to them, are basted together. These joining point marks may, however, also be transferred to the cloth by chalking them on the cloth, so that the paper pattern may then be unpinned and removed before the basting.

The invention of the claim, as described by plaintiff, consists in the simplification of this assembly of the pieces of cloth with the pattern parts still pinned to them, or with the joining parts marked in chalk thereon, by providing each of the pattern parts, in addition to each of the marginal joining marks, with (a) a special number or other characteristic designation; then having (b) each pair of marginal joining marks, which are to be joined in assembling, marked with identical distinguishing characters, also having the mark on each member of each pair associated with a characteristic designation, such as the number of the part bearing the mark with which it is to register.

In short, as plaintiff claims, there is a complete system of cross-reference marks, by the use of which separate pieces of cut cloth can be quickly and correctly selected from the fairly numerous assortment prepared by cutting out these pieces, and assembled for basting and sewing together to form the completed garment.

Defendant's pattern, which also contains printed marks by way of cross-reference on it, is different from the plaintiff's design, in that it is not sold as a continuous sheet, but in separate pieces cut at the factory;

and it has no parts of the garment either shown or printed thereon. It does, however, have cross-reference marks on the separate pieces which, joined together, furnish the pattern for the garment.

As to the cross-referencing system, while the plaintiff designates his various pattern parts by numerals and identifies his pairs of joining marks by duplicate letters, defendant merely reverses this arrangement, designating its various pattern parts with letters and identifying its pairs of joining marks with duplicate numerals.

The defendant insists most vigorously that plaintiff's claim, if valid, is for and to be limited to and protected as a combination embodying the following elements, the coexistence of which is essential to the patent:

(a) A sheet of material on which is printed (b) the various outlined parts of the garment; (c) each garment part is numbered; (d) each garment part has printed thereon certain marginal joining marks adapted to register with the identical joining marks on another part; (e) each pair of these marks is marked with identical distinguishing characters; and (f) each number of each pair is marked to correspond with the part bearing the mark with which it is to register.

The defendant then insists that, since the defendant's pattern is not a sheet of material, and since there is not printed on it the various outlined parts of the garment, there cannot be infringement of plaintiff's combination; these two elements being wanting, even though it be found that the other four elements of plaintiff's alleged invention are used by defendant.

It argues that the specifications and the drawings of Koewing's patent show plainly that it was not intended to patent to Koewing a system of cross-referencing as applied to all kinds of patterns, but that it was intended to patent to him the combination in which the cross-referencing of the garment parts was merely one of the elements; that plaintiff's patent claim No. 4 could not be construed broadly enough to cover cross-referencing generally, since the drawings and specifications show no such detached claim, and, if it could be so construed, it would be wholly invalid, because cross-referencing generally and in the dressmaking art, is old.

Plaintiff replies with great vigor and some show of reason that the cross-referencing, which he says is the gist of claim No. 4, is of no value and of no meaning until the pattern is cut into its separate parts, because, while the pattern is in one piece, the marks are useless, and that to permit defendant

to print a sheet in his plant with cross-referencing on it, identical with that of plaintiff's, and escape infringement merely by cutting the sheet into its component parts before leaving the factory, instead of leaving it for the customer to do, would be "sticking in the bark" and sacrificing substance to form.

To this defendant replies, first, that plaintiff's pattern is adapted to and designed for being laid out as a continuous sheet upon the piece of cloth selected for the entire garment, and was designed and intended to be used, not in separate pieces, but as a whole; the device on the pattern sheet showing the direction of the nap, and of the figure design, and the general description in the patent making it clear that, though it might be used in separate pieces, as the patent incidentally advises, in making over an old garment, or when a new piece of cloth is being used which is not of the same width as the sheet pattern, its preferred and fundamental use was as a continuous sheet, on a continuous piece of cloth of uniform color and material.

They point out, as one of the features which makes their form of pattern, cut in separate pieces, more desirable than that of plaintiff's, that it would be impossible to adapt plaintiff's pattern to the style of making one garment of several kinds of material and of several colors, and that there is substance, and not subterfuge, in their printing, cutting, and distributing their patterns in the way they do; that, in short, plaintiff's patent is for the combination described in the claim and not for any separate and independent element of that combination; and that, if the language of the claim, standing alone, does not so limit it, the language construed in the light of the specifications, does do so; and finally that, if it is to be read as broadly as claimed by plaintiff, it is invalid for want of novelty, because, not only is cross indexing such an old method of referencing in all printing as to make its use in any application old, but in the dressmaking art, to which this claimed invention relates, this very thing has been done for years, not, it is true, on patterns, because it was only recently that printing has been employed on patterns, but in guide charts for dress patterns, on dress charts, pictographs, and chart models.

Examining these propositions, I think it must be conceded that they are sound.

In the first place, it is fundamental that the idea, as such, of cross-referencing is not patentable, because of the general objection that "an idea of itself is not patentable,

but a new device by which it may be made practically useful is" (Rubber Tip Pencil Co. v. Howard, 20 Wall. [87 U. S.] 507, 22 L. Ed. 410); and "a new method, art, or process * * * may be both new and useful, but the patent law is prosaically practical; it can never get away from the necessity of means, and, unless patentable means of expressing or using the new ideas are shown, there can be no valid patent" (Guthrie v. Curlett [C. C. A.] 10 F.[2d] 726).

Moreover, if plaintiff should rejoin that he has not only invented the idea of cross-referencing patterns, but has shown and claimed a device which monopolizes the cross-referencing field as applied to patterns, I think it should be said to him then that he has sought to monopolize a field too broad to be the subject of monopoly; the idea of cross-referencing being old not only generally (Excella Pattern Co. v. McCall [C. C. A.] 5 F.[2d] 61), but, in the very dressmaking art of which patterns are a part, as is evidenced by the patents of Ahnelt, McCampbell, and Harrison, especially McCampbell, and in the Katherine Vaughan Holden publication in the chart models which she shows.

These plaintiff tries, unsuccessfully I think, to distinguish by the statement that they have to do, not with patterns, but with dress charts, and therefore cannot be cited as anticipating.

While some reasonable credit should be given an inventive faculty where the means employed in one art are in a striking, unusual, and successful way employed in another (Reed v. Hughes Tool Co. [C. C. A.] 282 F. 807), this is not such a case; for, in the first place, it is splitting hairs too finely to say that the dressmaking art or practice is capable of such minute subdivision, and, in the second place, it is entirely plain that the only reason that cross-reference printing was not used on paper patterns earlier is because there were no paper patterns printed. Given printed paper patterns, it involves no invention to print on them a system of referencing which had theretofore been placed on dress charts because impracticable to place on nonprinted patterns, and of such adaptation invention cannot be predicated. Carbide & Carbon Chemicals Corporation v. Texas Co. Southern District of Texas, 21 F. (2d) 199.

An excerpt from McCampbell's patent is very instructive:

"In the present practice of the manufacture and use of patterns for ladies' dresses, the patterns are cut out by machinery one, or two hundred at a time from tissue paper and it follows that it is not possible to print on each pattern instructions as to the use thereof, or anything whereby the pattern may be identified without great additional expense; at the rate at which patterns are sold at present the expense would be prohibitive."

The practice of printing patterns having by evolution come in, it is perfectly obvious that any system of referencing would be more conveniently printed on the paper than on guides accompanying the pattern.

If, however, plaintiff's claim No. 4 is construed contrary to his contention, as limited to the precise combination which he claims, and which the drawings and specifications describe, a continuous sheet pattern showing separate parts of the garment and these marked and cross-referenced for the advantage as set out in the patent, not only of easily identifying the separate parts, but of assuring that the pattern should be laid on the material in the proper way, it may well be, since as so construed there is no infringement, that the prima facies of the Patent Office ought not to be overthrown, and that the patent, as thus narrowly limited, ought to be held valid but not infringed by the defendant.

In short, I think plaintiff finds himself in this dilemma here: If the patent can be construed as broadly as he claims, to pre-empt the field of pattern cross-referencing, it is invalid for lack of novelty; while, if limited to the particular form shown in the patent, it is not infringed.

Since there is no infringement if construed as limited to a combination of the elements described in it, I have concluded, though I have grave doubts as to whether the patent, however construed, has validity, in deference to the prima facies attending the grant of the patent, that it is sufficient for the disposition of this case for me to find, as I do, that it was granted for the precise combination stated in it, and, whether valid or not, as thus construed, is not infringed.

So finding, it follows that plaintiff's bill should be dismissed for want of equity.